2021 IL App (1st) 191051-U
No. 1-19-1051
Order filed February 16, 2021

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 18 CR 5390 |
| | ) | |
| JAMARL CRAYTON, | ) | Honorable Steven J. |
| | ) | Rosenblum, |
| Defendant-Appellant. | ) | Judge presiding. |

JUSTICE PUCINSKI delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Lavin concurred in the judgment.

**ORDER**

¶ 1     *Held*: Defendant's aggravated battery conviction is reduced to simple battery where the evidence was insufficient to establish the defendant caused bodily harm to the victim. Cause remanded for sentencing on the battery count.

¶ 2     Following a bench trial, defendant was found guilty of robbery and aggravated battery to a merchant and sentenced to concurrent prison terms of four and two years, respectively. On appeal, defendant argues, and the State agrees, the State provided insufficient evidence of bodily harm as required for the aggravated battery to a merchant conviction. For the following reasons, we agree with the parties, reduce defendant's conviction for aggravated battery to a merchant to simple

battery, remand for sentencing on the battery offense, and otherwise affirm the trial court's judgment.

¶ 3    Defendant was charged by indictment with 15 offenses related to an incident that occurred on or about December 28, 2017. The State proceeded to trial on one count of armed robbery (720 ILCS 5/18-2(a)(1) (West 2016)), one count of robbery (720 ILCS 5/18-1(a) (West 2016)), four counts of aggravated battery to a merchant (720 ILCS 5/12-3.05(d)(9) (West 2016)), and two counts of retail theft (720 ILCS 5/16-25(a)(1) (West 2016)).

¶ 4    Relevant here, the aggravated battery to a merchant counts alleged that, in violation of section 3.05(d)(9) of the aggravated battery statute (720 ILCS 5/12-3.05(d)(9) (West 2016)), in committing a battery to Shadi Mansour,[1] knowing Mansour to be an employee of Pete's Fresh Market who detained defendant for an alleged commission of a retail theft (720 ILCS 5/16-25(a) (West 2016)), defendant knowingly by any means: caused bodily harm to Mansour by striking him (count X), made physical contact of an insulting or provoking nature with Mansour by striking him (count XI), caused bodily harm to Mansour by "spray[ing]" him in the face (count XII), and made physical contact of an insulting or provoking nature with Mansour by "spray[ing]" him in the face (count XIII).

¶ 5    Mansour testified that on December 28, 2017, he was working as a security guard with a partner at Pete's Fresh Market in Bridgeview, Illinois. Around 8:20 p.m., Mansour saw defendant enter the store carrying a black bag. Defendant took a shopping cart, placed the bag inside, and walked towards the liquor department. There, defendant removed liquor bottles from the shelf and

_____

[1] The victim's last name is spelled "Monsour" in portions of the record. We use the spelling provided in the charging instrument.

placed them in the bag in his cart. Defendant then walked towards the front of the store, took the bag out of the cart, and began to walk to the exit door.

¶ 6     Mansour's partner attempted to stop defendant, and defendant pushed him away. Mansour then tried to stop defendant, but defendant "hit" him in the stomach with two hands and twice sprayed something in Mansour's eyes. When defendant pushed Mansour, it "hurt" his stomach and Mansour fell to the floor. The spray burned his eyes and he could not see. Mansour testified that he still has pain in his eyes as a result of the incident. Defendant left the store with the bag and got into a waiting vehicle.

¶ 7     Mansour identified a receipt created by the store's customer service for the missing bottles. The State presented a stipulation that, if called to testify, the manager from Pete's Fresh Market would identify a video exhibit and testify that its contents showed the events that occurred on December 28, 2017. The video was played for the court and Mansour narrated portions of it.

¶ 8     On cross-examination, Mansour testified that he refused medical assistance following the incident.

¶ 9     Bridgeview police detective Dan Matuszak testified Mansour identified defendant as the offender in a photo array. Matuszak met with defendant and defendant gave a statement in which he admitted that he placed bottles of alcohol in a bag and left the store without paying. Defendant also admitted that he pushed one security guard to the floor and "made his way past" another. Defendant denied that he used pepper spray on anyone.

¶ 10     The State presented a stipulation that defendant had a prior conviction for retail theft.

¶ 11     The court found defendant guilty of retail theft for a value under $300, robbery, and aggravated battery to a merchant on count XI, which was premised on his making physical contact

of an insulting or provoking nature with Mansour by striking him. The trial court found defendant not guilty of retail theft for a value over $300, armed robbery, and the three remaining aggravated battery to a merchant counts premised on his causing bodily harm to Mansour by striking him (count X), causing bodily harm to Mansour by spraying him in the face (count XII), and making physical contact of an insulting or provoking nature with Mansour by spraying him in the face (count XIII).

¶ 12    The court noted that the video showed defendant striking Mansour but did not show Mansour falling to the ground. Rather, it showed Mansour pushed against the wall, and another "struggle over the door," at which point it appeared Mansour might have been "down." The court also stated:

"While I believe that the defendant sprayed [Mansour] with something that day, I don't know what that was or whether it was or was not a dangerous weapon at the time. Because there isn't proof beyond a reasonable doubt to me on what exactly he was sprayed with or how that affected the victim at the time, there's a finding of not guilty on the armed robbery charge ***.

* * *

As to the aggravated battery charges under Count Nos. 10, 11, 12, and 13, again, because I'm not certain on that, that spray, although I certainly believe the defendant sprayed him with something, I don't believe it's proof beyond a reasonable doubt as to that. So under 10, 12, and 13, it's a finding of not guilty on the aggravated battery. The aggravated battery, insulting and provoking nature under Count 11, the striking of the victim is very clear on the video. That's a finding of guilty on Count No. 11."

¶ 13 Defendant filed a motion for a new trial, which the trial court denied. The court merged the retail theft count into the robbery count and sentenced defendant to four years' imprisonment for robbery. It sentenced him to a concurrent two-year term on the aggravated battery to a merchant count.[2]

¶ 14 On appeal, defendant argues the State provided insufficient evidence of bodily harm as required for the aggravated battery conviction and the conviction should be reduced to simple battery pursuant to Illinois Supreme Court Rule 615(b)(3) (eff. June 1, 2020) (on appeal, the reviewing court may "reduce the degree of the offense of which the appellant was convicted"). The State agrees. We agree with the parties.

¶ 15 When we consider a challenge to a criminal conviction based upon the sufficiency of the evidence, it is not our function to retry the defendant. *People v. Hall*, 194 Ill. 2d 305, 329-30 (2000). Instead, the standard of review is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). This standard recognizes it is the responsibility of the trier of fact fairly to resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from the facts. *People v. Brown*, 2013 IL 114196, ¶ 48. Thus, we may not substitute our judgment for that of the trier of fact on issues involving the weight of the evidence or the credibility of witnesses, and may only reverse a conviction where the evidence is so improbable or unsatisfactory as to raise a reasonable doubt of the defendant's guilt. *People v. Siguenza-Brito*, 235 Ill. 2d 213, 224-25 (2009).

---

[2] The mittimis does not reflect the trial court's oral pronouncement that the sentences were to be served concurrently. See *People v. Carlisle*, 2015 IL App (1st) 131144, ¶ 87 (when the court's oral pronouncement and written order conflict, the oral pronouncement controls).

¶ 16    Defendant was convicted of aggravated battery under section 3.05(d)(9) of the Code (720 ILCS 5/12-3.05(d)(9) (West 2016)). A person commits aggravated battery under this section when, in committing a battery, other than by discharge of a firearm, he knows the individual battered to be a "merchant who detains the person for an alleged commission of retail theft *** and the person without legal justification by any means *causes bodily harm to the merchant*." (Emphasis added.) 720 ILCS 5/12-3.05(d)(9) (West 2016). A person commits battery if he "knowingly without legal justification by any means (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual." 720 ILCS 5/12-3(a) (West 2016).

¶ 17    Defendant challenges only the sufficiency of the evidence regarding the "bodily harm" element of the aggravated battery offense. A finding of "bodily harm" requires proof of "some sort of physical pain or damage to the body, like lacerations, bruises or abrasions, whether temporary or permanent." *People v. Mays*, 91 Ill. 2d 251, 256 (1982).

¶ 18    As an initial matter, we note that count XI, pursuant to which defendant was convicted of aggravated battery to a merchant, did not set forth the requisite "causes bodily harm" element of that offense. See 720 ILCS 5/12-3.05(d)(9). Count XI solely alleged defendant, "in committing a battery, knowingly, by any means, made physical contact of an insulting or provoking nature with *** Mansour, to wit *** struck *** Mansour," whom he knew to be a merchant. The allegation that defendant made physical contact of an insulting or provoking nature with Mansour is sufficient to set forth a battery offense. See 720 ILCS 5/12-3(a)(2) (West 2016). However, without an allegation that defendant caused bodily harm to Mansour, count XI is insufficient to set forth aggravated battery to a merchant under section 3.05(d)(9). See *People v. Terry*, 342 Ill. App. 3d

863, 867 (2003) ("If the charging instrument omits an element of an offense with which the accused is intended to be charged, the instrument fails to state a criminal offense.").

¶ 19    Further, the trial court's factual findings preclude defendant's aggravated battery to a merchant conviction. The court found the evidence showed defendant struck Mansour, pushed him into a wall, struggled with him at the door, and sprayed him in the face. Yet it found defendant not guilty of aggravated battery to a merchant counts X and XII, which alleged defendant caused bodily harm to Mansour by striking him (count X) and by spraying him in the face (count XII), respectively. Necessarily, given its acquittal on both counts, the court found that neither defendant's act of striking Mansour, nor his act of spraying Mansour's eyes, constituted "bodily harm" within the meaning of the aggravated battery statute sufficient to sustain counts X and XII. We reiterate that it is the trier of fact's responsibility to draw reasonable inferences from the facts. *Brown*, 2013 IL 114196, ¶ 48.

¶ 20    As there was insufficient evidence of "bodily harm" to convict defendant of aggravated battery to a merchant on counts X and XII, we agree with the parties that defendant's count XI aggravated battery conviction premised on his striking Mansour was improper. Because the evidence established that defendant "knowingly without legal justification by any means *** ma[de] physical contact of an insulting or provoking nature with an individual" when he struck Mansour, his conviction must be reduced pursuant to Supreme Court Rule 615(b)(3) to battery (720 ILCS 12-3(a)(2) (West 2016)).

¶ 21    For the foregoing reasons, defendant's conviction for aggravated battery to a merchant is reduced to simple battery. The cause is remanded for sentencing on that battery count. The court's judgment is affirmed in all other respects.

¶ 22     Affirmed as modified; remanded.